UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVEN EVINK,

    Defendant.
                                  /

Case No. 1:11:CR:325

HON. GORDON J. QUIST

## OPINION

Defendant, Steven Evink, pled guilty to receipt of child pornography. On June 20, 2012, the Court sentenced Evink to 318 months incarceration. On March 21, 2014, Evink filed a motion for writ of coram nobis and a motion for relief from judgment. In those motions, he argues that the Court lacked jurisdiction over his criminal prosecution because he is not a United States citizen. Those motions are presently before the Court.

### *Motion for Writ of Coram Nobis*

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may move to vacate, set aside, or correct the sentence if the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a prisoner seeking relief under § 2255 must file the motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

It appears that any motion by Plaintiff would fall under § 2255(f)(1), which requires filing a motion one year from the date on which the judgment of conviction becomes final. Because Evink did not appeal his conviction and sentence, his conviction became final on July 5, 2012. *See* Fed. R. App. P. 4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (stating that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed"). Thus, Plaintiff had until July 5, 2013 to file a timely § 2255 Motion. Plaintiff did not do so.

At common law, the writ of error of coram nobis was used as a device for correcting fundamental errors. *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). Procedurally, the writ is a step in a criminal case process, but it is essentially a motion of the same general character as a § 2255 motion. *United States v. Morgan*, 346 U.S. 502, 505–06, 74 S. Ct. 247, 249–50 (1954); *Johnson*, 237 F.3d at 754. The writ of coram nobis "is an extraordinary writ and jurisdiction of the court to grant relief is of limited scope." *United States v. Norman*, 391 F.2d 212, 213 (6th Cir. 1968). The Sixth Circuit has permitted petitioners to seek writs of coram

nobis to challenge their federal convictions or sentences when a § 2255 motion is no longer available, such as when petitioners are no longer in custody. *See, e.g.*, *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996). The Court is unaware of any case holding that a § 2255 motion is "unavailable" simply because it is time-barred. In fact, such a proposition has been explicitly rejected by courts in other circuits. *See e.g., Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) ("[Petitioner's] argument that a § 2255 petition is not really available to him because it is time barred under [AEDPA] is unavailing."). *See also United States v. Jabero*, No. 03-81060-3, 2012 WL 3109405, at *1 (E.D. Mich. July 31, 2012) (collecting cases).

The argument contained in the instant motion—that the Court was without jurisdiction to impose sentence—is the proper subject of a § 2255 motion. Evink did not file a § 2255 motion, however, but instead waited until eight months after the statute of limitations for such a motion had expired to raise his claim. It appears that Evink styled the motion as one for writ of coram nobis to evade § 2255's statute of limitations. However, "[a] petitioner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements." *Matus-Leva*, 287 F.3d at 761. To permit a prisoner to seek relief in such manner "would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions." *Id.*

Evink could have brought a § 2255 motion challenging the Court's jurisdiction, but he did not. He may not assert such challenge now simply by packaging his motion as one for writ of error coram nobis.

### *Motion for Relief from Judgment*

Evink's motion is styled as a motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 4(j) and 12(b). However, those Rules do not provide for relief from

3

judgment. Furthermore, because this is a criminal case, it is governed by the Federal Rules of Criminal Procedure, which do not recognize motions for reconsideration or to amend a judgment. Nonetheless, some courts adjudicating such motions in criminal cases evaluate them under the standards applicable to a motion to alter or amend judgment under Fed R. Civ. P. 59(e). *See United States v. Abernathy*, No. 08-20103, 2009 WL 982794, at *1 (E.D. Mich. Apr. 13, 2009) (listing cases). A motion for reconsideration or rehearing of a final judgment in a criminal case must be filed within 14 days of the entry of judgment. *United States v. Correa-Gomez*, 328 F.3d 297, 298 (6th Cir. 2003). Because Evink's motion was filed 21 months after the Court entered judgment, it is untimely.

For the foregoing reasons, the Court will deny Evink's motions.

A separate order will enter.


Dated: April 11, 2014  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE